# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

JEFFREY ADAMS,

        Plaintiff,                     Case Number: 1:19-cv-10915
                                                        HON. THOMAS L. LUDINGTON

v.

GREGORY SCHERLE, DAN CLORE,
MICHAEL KOHLMAN, MS. MANN,

        Defendants.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

Plaintiff Jeffrey Adams was confined at the Federal Corrections Institution in Milan, Michigan at the time he filed this civil rights action under 42 U.S.C. § 1983. In his complaint, Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs in their failure to treat his skin condition effectively and refer him to a dermatologist. He seeks injunctive and declaratory relief, as well as $5,000,000 in damages. Plaintiff has recently been relocated to McKean Correctional Institution in Bradford, Pennsylvania. (Dkt. 6.)

**I.**

Plaintiff states that the circumstances of his complaint began in September 2017 and continue to the present. He complains of skin bumps which leak pus and blood and have resulted in scars and sores. (Complaint at 7-8, ECF No. 1, PageID 7-8.) Defendant Dr. Gregory Scherle treated Plaintiff with five different medications, including Doxycycline and Prednisone. (*Id*. at 7-8.) Plaintiff complained that the treatment was not working and Dr. Scherle stated that he was

going to put Plaintiff on a longer dose. (*Id*. at 7.) Plaintiff states that Defendant Nurse Mann denied him his medications, but provides no detail of when the denial occurred, which medications were denied, or the consequences of the denial. (*Id*.)

Plaintiff asked to be referred to a dermatologist and was told it would take a few months to be seen by one. (*Id*.) His skin bumps were sampled and analyzed but displayed no evidence of infection. (*Id*.)

Plaintiff complained to Defendant Dan Clore, executive assistant, numerous times about his skin condition. (*Id*.) He asked Clore to expedite the referral to a dermatologist. (*Id*.) Clore told Plaintiff to "talk to medical." (*Id*.)

Defendant Counselor M. Kohlman denied Plaintiff a grievance form when he asked for one, saying he did not have any. (*Id*.) Plaintiff obtained a form from another counselor. (*Id*.) He did file a grievance over this issue but is uncertain whether it was processed. (*Id.* at 11.)

## II.

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to dismiss *sua sponte* an *in forma pauperis* complaint before service if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). When evaluating a complaint under that standard, courts "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). "[D]etailed allegations" are not necessary, but under Rule 8(a) the pleading must 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts need not "accept as true a legal conclusion couched as a factual allegation[,]" and any "naked assertion[s]" require "further factual enhancement" to comply with Rule 8(a). *Id*. at 555, 557.

To state a civil rights claim under 42 U.S.C. § 1983, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (citation omitted). A plaintiff must also allege "more than just mere negligence." *Fisher v. City of Memphis*, 234 F.3d 312, 317 (6th Cir. 2000) (citing *Collins v. City of Harker Heights*, 503 U.S. 115 (1992)) (other citation omitted). The plaintiff must establish the liability of each individual defendant by that person's own conduct. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

A pro se civil rights complaint is to be construed liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Consistent with *Twombly* and *Iqbal*, the Sixth Circuit has observed that "[d]espite the leniency afforded to . . . pro se litigant[s], however, our standard of review requires more than the bare assertion of legal conclusions, and thus the complaint 'must contain either direct or inferential allegations respecting

all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

### III.

### A.

A constitutional claim for the deprivation of adequate medical care "has two components, one objective and one subjective." *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001), *cert. denied*, 537 U.S. 817 (2002)).

The objective component requires a plaintiff to show the existence of a "sufficiently serious" medical need. *Dominguez*, 555 F.3d at 550 (6th Cir. 2009) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). To establish a serious need for medical care, "*Farmer* requires only that 'the inmate show that he is incarcerated under conditions posing a substantial risk of serious harm[,]' so as to avoid 'the unnecessary and wanton infliction of pain.'" *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 896 (6th Cir. 2004) (quoting *Farmer*, 511 U.S. at 834). A serious medical need may be demonstrated by a physician's diagnosis mandating treatment or a condition that "is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 897 (citations omitted).

Establishing the second, subjective, component "requires a plaintiff to 'allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk.'" *Dominguez*, 555 F.3d at 550 (quoting *Comstock*, 273 F.3d at 703). Deliberate indifference requires "more than negligence or the misdiagnosis of an ailment." *Comstock*, 273 F.3d at 703 (citations omitted). Courts evaluating such a claim "distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a

prisoner received inadequate medical treatment." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir.1976)).

Allegations of negligence, poor medical judgment, or unsuccessful treatment do not provide a basis to find an Eighth Amendment violation. *Smith v. Green*, 959 F.2d 236 (6th Cir. 1992) (Table) (citing *Estelle, v. Gamble*, 429 U.S. 97, 106 (1976)). "Where a prisoner alleges only that the medical care he received was inadequate, 'federal courts are generally reluctant to second guess medical judgments,' although 'it is possible for medical treatment to be 'so woefully inadequate as to amount to no treatment at all.'" *Id.* (citing *Westlake*, 537 F.2d at 860 n. 5). But "a desire for additional or different treatment does not suffice by itself to support an Eighth Amendment claim." *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014) (citing *Estelle*, 429 U.S. at 107; *Rhinehart v. Scutt*, 509 F. App'x 510, 513–14 (6th Cir. 2013)) (other citation omitted). *See also Alspaugh*, 643 F.3d at 169 (while "Alspaugh certainly would have desired more aggressive treatment, he was at no point denied treatment.").

Measured against the *Iqbal*/*Twombly* pleading requirements, Plaintiff's factual allegations do not plausibly establish Defendants' liability. Under the two-pronged test for a deprivation of adequate medical care, with the Complaint's allegations and inferences viewed in a light most favorable to him, Plaintiff is unable to meet either the objective or subjective component. First, his skin condition is not a serious medical need because it is neither life-threatening nor did Plaintiff allege that the condition was worsening during treatment. *See Blackmore*, 390 F.3d at 897 (noting that serious medical needs "involve life-threatening conditions or situations where it is apparent that delay would detrimentally exacerbate the medical problem [whereas] delay or even denial of medical treatment for superficial, nonserious physical conditions does not constitute a

[constitutional] violation.") (quoting *Hill v. Dekalb Reg'l Youth Det. Center*, 40 F.3d 1176, 1187-88 (11th Cir.1994)).

Second, even if his skin condition were a "sufficiently serious medical need," Plaintiff cannot establish the subjective component of deliberate indifference. Plaintiff's factual allegations demonstrate that he desired different or more aggressive care, but not that he was denied medical treatment. *Alspaugh*, 643 F.3d at 169; *Mitchell*, 553 F. App'x at 605. Plaintiff acknowledged that he received five different kinds of medication, most recently Doxycycline and Prednisone. (Complaint at 7-8, ECF No. 1, PageID 7-8.) He also states that Dr. Scherle's treatment efforts included a longer time period on one of the drugs. (*Id.*) Finally, he notes that his skin bumps were tested for infection. (*Id.*) A disregard of risk cannot be established on this record.

Sixth Circuit cases illustrate that medical care in the prison context often begins at a low level, then escalates as need develops. *See*, *e.g.*, *Mitchell*, 553 F. App'x at 603, 606 (finding no constitutional injury in "an unbroken history of escalating pain treatment" which commenced with "mild, over-the-counter painkiller" and "analgesic balm," before X-rays and other treatment several months later); *Alspaugh*, 643 F.3d at 165 (initial treatment of a neck injury was a "soft cervical collar"; almost a month later, the doctor continued use of the collar as well as "warm compresses[] and Motrin."); *Mack v. Wilkinson*, 90 F. App'x 866, 868 (6th Cir. 2004) (treatment of backpain with Tylenol and warm compresses while the plaintiff waited for a renewal of a Motrin prescription).

Plaintiff's claim of deliberate indifference rests on medication not working and Defendants' failure to refer him to a dermatologist in the timeframe he desired. However, his complaint appears to acknowledge that the referral was pending, because a Nurse Weaver (not a

defendant) said that "it will take a few months to be seen by a dermatologist," and that it would possibly happen in May 2019. (Complaint at 7, ECF No. 1, PageID 7.)

Defendants Scherle and Mann were not deliberately indifferent for attempting to treat Plaintiff's treatment with several medications before referring him to a specialist. Plaintiff's desire for different or more aggressive care does not establish a plausible case of Defendants' liability for deliberate indifference.

**B.**

Section 1983 "merely provides a 'method for vindicating federal rights elsewhere conferred.'" *Johnson v. Ward*, 43 F. App'x 779, 781–82 (6th Cir. 2002) (citing *Albright v. Oliver*, 510 U.S. 266, 271 (1994). "The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Albright*, 510 U.S. at 270 (citations omitted). A claimed constitutional violation must be based upon active unconstitutional behavior. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). Further, the "'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999)).

Plaintiff's allegations against Defendant Clore do not identify constitutional injury or unconstitutional behavior. Clore listened to Plaintiff's complaints about his skin condition and was asked by Plaintiff to "speed . . . up" his access to a dermatologist. (Complaint at 7, ECF No. 1, PageID 7.) Clore's response was that Plaintiff should "talk to medical." (*Id.*) Clore's failure to act on the issue cannot establish his liability. *Grinter*, 532 F.3d at 576.

In addition, as discussed above, Plaintiff has not alleged facts that establish a serious medical need, the objective component of deliberate indifference. Nor has he established the subjective component as to Defendant Clore. To do so, Plaintiff would have to show that Clore

"subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Dominguez*, 555 F.3d at 550.

Plaintiff's allegations make clear that Clore was aware Plaintiff was being treated. Plaintiff told him that the medications he was taking were not working and that a referral to a dermatologist was pending. (Complaint at 7, ECF No. 1, PageID 7.) Taking those allegations as true and in the light most favorable to Plaintiff, he has not shown that Clore would have had reason to "infer substantial risk" or that he "disregarded that risk."

## C.

The First Amendment entitles prison inmates to a right of access to the courts, though the right "extends to direct appeals, habeas corpus applications, and civil rights claims only." *Rodgers v. Hawley*, 14 F. App'x 403, 408–09 (6th Cir. 2001) (citing *Thaddeus–X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999)). However, to state a claim under this right, a plaintiff must allege actual injury, that the conduct or condition complained of "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Examples of actual injury "include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005) (citing *Jackson v. Gill*, 92 Fed. App'x 171, 173 (6th Cir. 2004)); *see also Lewis*, 518 U.S. at 351.

The right of access to the courts includes access to the grievance process. *Rodgers*, 14 F. App'x at 408. However, a plaintiff cannot show the necessary actual injury unless the grievance raises a civil rights or other covered action, *id.* at 409, and that claim is nonfrivolous. *Lewis*, 518 U.S. at 353. A plaintiff may not "invite[] speculation" regarding how the defendants' actions "deprived him of meaningful access to the courts." *Rodgers*, 14 F. App'x at 409.

Here, Plaintiff states that Defendant Kohlman denied him a grievance form, saying he had none. (Complaint at 7, ECF No. 1, PageID 7.) Plaintiff obtained the form from a different counselor. (*Id*.) Plaintiff's allegations do not show he suffered any injury from Kohlman's one-time denial of a form. He states that he did file a grievance, so Kohlman's action did not hinder Plaintiff's efforts to pursue his claim. (*Id*. at 11.) Plaintiff has not established Kohlman's liability.

**IV.**

Accordingly, it is **ORDERED** that the complaint is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

It is further **ORDERED** that an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). For the same reason, leave to appeal *in forma pauperis* is **DENIED**.

Dated: June 3, 2019              s/Thomas L. Ludington
                                 THOMAS L. LUDINGTON
                                 United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served **Jeffrey Adams** #54466-039, MCKEAN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 8000, BRADFORD, PA 16701 by first class U.S. mail on June 3, 2019.

                                 s/Kelly Winslow
                                 KELLY WINSLOW, Case Manager